UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE J. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 14-CV-4097 |
| ) | |
| GERRY BUSTOS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION**

JAMES E. SHADID, U.S. District Judge.

Plaintiff claims that Defendants failed to treat his Hepatitis C during his eight month detention in the Rock Island County Jail. The case is at the summary judgment stage, which means that the admissible evidence in the record is viewed in the light most favorable to Plaintiff. Summary judgment must be denied to Defendants if a reasonable juror could find for Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Facts**

Plaintiff was diagnosed with Hepatitis C about two months before his detention at the Rock Island County Jail, after giving blood. (5/6/14 History & Physical by Dr. Glickenberger, d/e 41-3.)

Plaintiff was asymptomatic, and an ultrasound of Plaintiff's abdomen was normal, as was a physical examination of his liver and spleen. (6/13/14 Clinic Progress Note, d/e 41-3.)

Plaintiff was detained in the Jail beginning on July 10, 2014, and ending on March 19, 2015, when he was transferred to the Illinois Department of Corrections. While in the Jail, Plaintiff repeatedly asked for treatment of his Hepatitis C, believing that the outside clinic had prescribed treatment and would agree to treat Plaintiff despite his detention.

Plaintiff maintains that Dr. Peterson, the Jail physician, told Plaintiff that Plaintiff did need treatment but that nothing could be done for him at the Jail, and the outside clinic would not see Plaintiff. Dr. Peterson ran some labs which showed that one of Plaintiff's liver function numbers was slightly elevated (39, where 37 or less is normal). (8/12/14 lab results, d/e 41-2.) Dr. Peterson also ordered an ultrasound of Plaintiff's abdomen, which was unremarkable. (9/23/14 report, d/e 41-2.) Defendants contend that follow up liver function tests in February of 2015 were completely normal, but the Court does not see those results in the record.

## Analysis

The Fourteenth Amendment forbids deliberate indifference to a detainee's serious medical needs.  Townsend v. Cooper, 759 F.3d 678, 689 (7th Cir. 2014).  A jail physician is deliberately indifferent if the physician's decisions are "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'"  *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2009).

The Court does not know how summary judgment can be granted to Dr. Peterson without an affidavit from Dr. Peterson.  Dr. Peterson's summary judgment motion is basically a copy of the other Defendants' motion, without any affidavit from Dr. Peterson.  The Court needs to know why Dr. Peterson made the professional decisions he did and what the accepted professional range of treatment was for Plaintiff's stage of Hepatitis C at the time.  Dr. Peterson's summary judgment motion will be denied, with leave to renew.  When Plaintiff responds to Dr. Peterson's renewed summary judgment motion, Plaintiff should inform the Court what treatment he is now receiving for his Hepatitis C in prison, if any, and attach

his prison medical records regarding the monitoring and treatment of his Hepatitis C.

The other Defendants' motion for summary judgment does attach affidavits. Plaintiff does not dispute that these other Defendants—a nurse, the sheriff, and a jail captain and lieutenant—were not responsible for and in fact did not have the authority to determine whether Plaintiff needed treatment and, if so, what that treatment should be. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)("If a prisoner is under the care of medical experts… a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). Even Defendant Nurse Schuetz,[1] who has medical training, could not diagnose or develop treatment plans for detainees, especially regarding such a variable condition as Hepatitis C. That was Dr. Peterson's job. Given Plaintiff's normal labs and stable condition, these individuals had no reason to believe that Dr. Peterson was not providing adequate medical care.

---

[1] The correct spelling of this Defendant's name appears to be Schultz, but the Court will use the name in the docket caption.

**IT IS THEREFORE ORDERED:**

1) Dr. Peterson's summary judgment is denied with leave to renew by April 29, 2016.

2) The motion for summary judgment by Defendants Bustos, Fisher, Hernandez, and Schuetz is granted (41).

3) Plaintiffs' motions for summary judgment are denied (43, 53).

4) The clerk is directed to terminate Defendants Bustos, Fisher, Hernandez, and Schuetz.

ENTERED: 4/7/2016

FOR THE COURT:

                                                      **s/James E. Shadid**
                                                      JAMES E. SHADID
                                       UNITED STATES DISTRICT JUDGE